BELINDA STONE ET AL. *v.* P. L. MAXEY.

[Abstract Kentucky Law Reporter, Vol. 2—389.]

**Sale of Property by Trustee.**

When real estate is held in trust for the support of another, with discretionary power to sell, but where the trustee does not see fit to exercise such power, it is error for the court to order it sold at the instance of a creditor whose claim is not so large that it might not be paid out of the rents.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 22, 1881.

OPINION BY JUDGE PRYOR:

It does not appear that either the trustee or the appellants were in the actual occupancy of the house and lot when this suit was instituted, and therefore no homestead right exists; but we think the court erred in directing a sale of the property. The property was left in trust for the support of the appellants, with the discretionary power on the part of the trustee to sell. This power the trustee has not exercised, and it may be to the interest of the appellants that it should not be sold. The debt of the appellee does not exceed $125, including costs, and whatever it may be could doubtless be paid out of the rent of the property.

The judgment is *reversed* and cause remanded with directions to have the property rented out and apply the proceeds to this debt. A sale, of course, can be made if all the parties desire it.

*Rodman & Brown, Kinney & Bernard, for appellants.*

*C. B. Seymour, for appellee.*